IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
05/21/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

RUSLAN URAN UULU,                )
                                 )
             Petitioner,         )
                                 )
    v.                           )         Case No. 26-3060-JWL
                                 )
Warden, FCI-Leavenworth;         )
Field Office Director, ICE;      )
Director, ICE; and               )
Secretary, Department of Homeland Security,   )
                                 )
             Respondents.        )
                                 )
_____)

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **grants the petition in part and denies it in part**. The petition is granted with respect to petitioner's claim that he has been improperly subjected to mandatory detention without bond consideration. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **June 4, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The petition is denied with respect to any other claim or request for relief.

Petitioner, a native of Kyrgyzstan, was paroled into the United States in February 2023. Immigration officials took petitioner into custody on October 31, 2025. On January

15, 2026, an immigration judge ordered petitioner's removal; that order is not yet final, however, as petitioner's appeal of that order to the Board of Immigration Appeals (BIA) remains pending.  Petitioner remains in custody in this judicial district.  On March 23, 2026, petitioner filed the instant habeas action; respondents have filed an answer to the petition, the deadline for petitioner's traverse has expired, and the matter is therefore ripe for ruling.[1]

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2241(c)(3).  This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).  Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claims.

Petitioner first claims that the period of his detention has become excessive in violation of due process.  Petitioner has not shown, however, that his detention for this period, pending a final removal order, has become unconstitutional.  The Court therefore denies this claim.

---

[1] Petitioner alleged in his petition that he was in the custody of the Bureau of Prisons at USP-Leavenworth.  In their answer, respondents informed the Court that petitioner had been transferred to another facility in Kansas, to which respondents had mailed their service copy of the answer.  Petitioner has failed to give notice to the Court of any change of address as required.  *See* D. Kan. Rule 5.1(b)(3).  Nonetheless, the Clerk of Court is directed to send a copy of this order to petitioner at the updated address provided by respondents.

Petitioner also claims that he is entitled to a bond hearing.[2]    This Court has previously held that the detention of an alien who is not newly arriving in the United States does not fall within the scope of 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, but instead is governed by 8 U.S.C. § 1226(a), which provides for discretionary release on bond. *See Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.).    Although respondents do not acknowledge that previous holding, they nonetheless argue that petitioner is subject to mandatory detention under Section 1225(b)(2)(A) for two reasons:  (1) because he sought asylum at entry, petitioner is in fact "seeking admission" as required under that statute; and (2) because petitioner was initially stopped upon arrival and then paroled into the United States, he remains an "arriving alien" who is treated as if detained at the border.  The Court has rejected these same arguments in a similar case, however. *See Khudyi v. Carter*, 2026 WL 1098197, at *2 (D. Kan. Apr. 23, 2026) (Lungstrum, J.).  For the same reasons cited in that case, the Court concludes that petitioner should be deemed detained only under Section 1226(a), which permits release on bond.

For the reasons stated by this Court in *Galdamez Orellana*, *see* 2026 WL 710121, at *3-4, the Court concludes that the most appropriate remedy for this violation is to require that petitioner be granted a bond hearing as if detained under Section 1226(a).[3]  Accordingly, the Court orders respondents either to release petitioner or to ensure that

---

[2]  Respondents do not dispute petitioner's allegation that the immigration court previously ruled that it lacked jurisdiction to consider petitioner's bond request.

[3]  The Court thus rejects petitioner's suggestion that the Government should bear a heightened burden of proof at the bond hearing.

petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **June 4, 2026**.[4]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part and denied in part**. The petition is granted with respect to petitioner's claim that he has been improperly subjected to mandatory detention without bond consideration. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **June 4, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The petition is denied with respect to any other claim or request for relief.

IT IS SO ORDERED.

Dated this 21st day of May, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[4] Respondents have not argued or provided evidence that a hearing could not be conducted within this timeframe. Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits. Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.